UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:        EMMER HARRINGTON            CASE NO.        10-03628-NPO

, DEBTOR

ORDER CONFIRMING THE DEBTOR'S PLAN, AWARDING A
FEE TO THE DEBTOR'S ATTORNEY AND RELATED ORDERS

Following the meeting of creditors held pursuant to 11 U.S.C. § 341 at which the debtor[4] appeared in person, or whose appearance was waived by order of this Court, to be examined by creditors and other interested parties, notice and an opportunity for objection to confirmation of the plan was provided to all interested parties. Any and all objections to confirmation of the debtor's plan have been resolved by prior order of this Court. The trustee having now recommended that the debtor's plan be confirmed pursuant to 11 U.S.C. § 1325, and the Court having considered this matter does hereby find that:

A. Written notice of the meeting of creditors held pursuant to 11 U.S.C. § 341 and of the hearing on the confirmation of the plan was given as required by Rule 2002 of the Federal Rules of Bankruptcy Procedure[5];

B. The plan as presented for confirmation (hereinafter referred to as "the plan") complies with the provisions of Chapter 13 of Title 11 of the United States Code and the other applicable provisions of said Title[6];

C. Any fee, charges, or other amount required under Chapter 123 of Title 28, or by the plan, to be paid before confirmation has been paid;

D. The petition has been filed in good faith and not by any means forbidden by law;

E. The value, as of effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 of Title 11 of the United States Code on such date;

F. With respect to each allowed secured claim provided for by the plan, the holder of such claim either accepted, or was deemed to have accepted, the plan as required by Section 1325(a)(5);

G. The plan attached to this order has been proposed in good faith.

H. Debtor has paid all amounts that are required to be paid under a domestic support obligation and that first became payable after the date of the filing of the petition if the debtor is required by a judicial or administrative order, or by statute, to pay such domestic support obligation; and

---

[4] The debtor is hereinafter referred to in the masculine singular, even though this may be a joint case or if the debtor is female.

[5] All references to "Rule" or "Rules" shall be interpreted as referring to the Federal Rules of Bankruptcy Procedure unless the context indicates otherwise.

[6] All references herein to "Section" or "Sections" shall refer to those sections contained in Title 11 of the United States Code.

I.  Debtor has filed all applicable Federal, State, and local tax returns as required by Section 1308.

J.  If the trustee or the holder of an allowed unsecured claim objected to the confirmation of the plan, then the court finds that the plan complies with Section 1325(b);

IT IS ORDERED THAT:

1. The debtor's plan is confirmed.

2. The debtor, or his employer, shall make the payments to the trustee required by the plan as confirmed or as hereafter modified. If the debtor does not cause such payments to be timely made, the trustee may order as contemplated by Section 542(b) or request the Court to order pursuant to Section 1325(c) any entity from whom the debtor receives income to pay all or any part of such income to the trustee.

3. The debtor shall, when practicable, obtain the approval of the trustee prior to incurring additional consumer debt. The failure to obtain such approval, if practicable, may cause the claim for such debt to be disallowable to the creditor [Section 1305(c)], and the debt to be non-dischargeable as to the debtor [Section 1328(d)].

4. All property shall remain property of the estate and shall vest in the debtor only upon dismissal, discharge, or conversion. The debtor shall be responsible for the preservation and protection of all property of the estate not transferred to the trustee.

5. The trustee shall:
   a. Keep a detailed record of all receipts, including the source or other identification of each receipt, and of all disbursements [Section 1302(b)(1)]; and
   b. Deposit all funds received by the trustee under the plan with any entity which provides insurance, guaranties, or deposits in the manner prescribed by Section 345.
6. Pursuant to Section 1326, payments shall be in the following order unless otherwise directed:
   a. Any unpaid claim of the kind specified in Section 507(a)(2);
   b. The percentage fee fixed for the trustee pursuant to Section 1302(a) or Section 586(e)(1)(B), if applicable;
   c. Any compensation due to a chapter 7 trustee pursuant to Section 1326(b)(3);
   d. Creditors whose claims are timely filed and allowed in such amounts and order of preference as may be provided by the plan or as may be required to provide adequate protection of the interest of any entity with an interest in the property of the estate.

7. The trustee, the debtor and attorney for the debtor shall examine proofs of claim, or summaries thereof, and shall object to the allowance of improper claims as provided by Section 704(a)(5) and any applicable local rule.

8. The trustee shall at least once each year provide debtor and debtor's counsel a report showing the funds received and the disbursements made by him since the date of the last report, and shall upon completion of the plan file with the Court a final report and account containing or incorporating by reference a detailed statement of receipts and disbursements.

9. Ninety days after the final distribution, the trustee shall stop payment of all checks that remain outstanding and unpaid and file with the Clerk of the Court a list of the names and addresses, so far as known, of

the persons entitled to such payments and the amounts thereof. The unclaimed funds shall be paid into the Court and disposed of under Chapter 129 of Title 28 [Section 347 and Rule 3001].

ALLOWANCE OF ATTORNEY'S FEES

The application by the attorney for the debtor for the allowance of reasonable compensation as authorized by Section 330 having been considered, the court finds that a reasonable fee for the services performed and undertaken by such attorney is $ 2,800.00 of which $ 151.00 was paid to such attorney prior to the filing of the petition initiating this proceeding.

The balance of such fee ($ $2,649.00 ) shall be paid by the trustee from the monies received under the debtor's plan, provided, however, that such payments shall be deferred in time to payments, if any, which may be required to provide adequate protection of the interest of the holders of any secured claims.

**SO ORDERED.**

Approved:

_____
Attorney for the Debtor, MS Bar No.
Street Address
P. O. Box (if applicable)
City, State, Zip Code
Fax:
Telephone:
E-mail:

Submitted by:

/s/James L. Henley, Jr.
James L. Henley, Jr., MSB # 9909
Chapter 13 Trustee
Post Office Box 31980
Jackson, Ms 39286
Fax: 601-981-9888
Telephone: 601-981-9100
E-mail: jlhenley@jlhenleych13.net

Case 10-03628-NPO   Doc 34   Filed 02/18/11   Entered 02/18/11 11:07:34   Desc Main
              Document      Page 4 of 5
Case 10-03628-NPO   Doc 26   Filed 01/21/11   Entered 01/21/11 16:25:51   Desc Main
              Document      Page 1 of 2

Chapter 13 Plan Form, Revised 10/24/2005

# AMENDED CHAPTER 13 PLAN
# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI          CASE NO. _____

Debtor   Emmer Harrington _____   SS # XXX-XX- 8859 __   Current Monthly Income $2000.00
Joint Debtor _____      SS # XXX-XX- _____   Current Monthly Income $_____
Addres  2040 Lacashe Subdivision #2                           No. of Dependents  2
        Port Gibson, MS 39150 _____

Telephone No.                           TAX REFUNDS AND EIC FOR DISTRIBUTION:
_____     _____

**THIS PLAN DOES NOT ALLOW CLAIMS.** Creditors must file a proof of claim to be paid under any plan that may be confirmed, and the treatment of all secured / priority debts must be provided for in this plan.

**PAYMENT AND LENGTH OF PLAN**

The plan period shall be for a period of 60 months, not to exceed 60 months. Debtor or Joint Debtor will make payments directly to the Trustee ONLY if self-employed, unemployed, or the recipient of government benefits.

(A)   Debtor shall pay $ _81.50_ per (weekly) to the Chapter 13 Trustee. A payroll deduction order will be issued to Debtor's employer @:
      Cooper Lighting
      Attn: Payroll Department
      P.O. Box 4446
      Houston, TX 77210-4446 _____

(B)   Joint Debtor shall pay $___ per (semi-monthly ) to the Chapter 13 Trustee. A payroll deduction order will be issued to Debtor's employer @:

_____

**PRIORITY CREDITORS.** Filed claims that are not disallowed to be paid in full: IRS $_____ @ $_____ /mo
State Tax Commission $_____ @ _____ /mo   OTHER $_____ @ $_____

**DOMESTIC SUPPORT OBLIGATIONS (POST PETITION) DUE TO:**
beginning _____ in the amount of $___ per month shall be paid:
      direct            through payroll deduction       through the plan.

**PREPETITION DOMESTIC SUPPORT ARREARAGE CLAIMS DUE TO:**

in the amount of $_____ shall be paid $_____ per month:
_____through payroll deduction   _____ through the plan.

in the amount of $_____ shall be paid $_____ per month:
_____through payroll deduction   __ through the plan.

**HOME MORTGAGE(S)**

MTG PMTS TO: 21st Mortgage _____   BEGINNING  11/1/2010  @ $ 340.52 (crossed out: 352.00)  (X PLAN (__) DIRECT

MTG ARREARS TO: _____   THROUGH   10/31/2010   $ _____ @$ _____ /MO*
                                                                (*Including interest _____ %)

Debtor's Initials EH        Joint Debtor's Initials __          CHAPTER 13 PLAN, PAGE 1 OF 2

**SECURED CLAIMS.** Creditors that have filed claims that are not disallowed are to retain lien(s) under 11 U.S.C. 1325(a)(5)(B)(i) until plan is completed and be paid as secured claimant(s) the sum set out in the column "Total Amt. to be Paid" or pursuant to Order of the Court. That portion of the claim not paid as secured shall be paid as an unsecured claim.

| Creditor's Name | Collateral | Approx. Amt. Owed | Value | Intrst. Rate | Total Amt. To Be Paid | Monthly Payment |
|---|---|---|---|---|---|---|
| State Farm Bank | 2007 Dodge Charger | 10,349.67 | 10,349.67 | 7% | 12,296.15 | 204.94 |

**SPECIAL CLAIMANTS.** (Co-signed debts, collateral for abandonment, etc.) ON ABANDONED COLLATERAL, DEBTOR TO PAY ZERO ON SECURED PORTION OF DEBT. Where proposal is for payment, creditor must file a proof of claim to receive proposed payment.

| Creditor's Name | Collateral or Type of Debt | Approx. Amt. Owed | Proposal to Be Paid |
|---|---|---|---|
| Chase Auto | 2002 Ford Expedition | 1,099.87 | DIRECT |

**SPECIAL PROVISIONS** for all payments to be paid through the plan, including, but not limited to, adequate protection payments: **Despite maintenance payments, student loans are not dischargeable unless provided by a judgment pursuant to a §523(a) complaint.**

**UNSECURED DEBTS** totaling approximately $~~69,117.00~~ 66,895.28 to be paid in deferred payments to Creditors that have filed claims that are not disallowed: _____ IN FULL or __10__ % (PERCENT) MINIMUM.

Total Attorney Fees Charged $ 2,800.00
Attorney Fees Previously Paid $ 151.00
Attorney fees to be paid through the plan $ 2,649.00

Pay administrative costs and debtor's attorney fees pursuant to Court Order and/or local rules.

Name/Address/Phone # of Vehicle Insurance Co./Agent

Telephone/Fax

Attorney for Debtor (Name/Address/Phone # / Email)
Toni W. Terrett, Esq.
P.O. Box 821583
Vicksburg, MS 39182
Telephone/Fax 6016361109
Fax 8009689819
E-mail Address

DATE: 01/21/2011    DEBTOR'S SIGNATURE  /s/ Emmer Harrington
Emmer Harrington
JOINT DEBTOR'S SIGNATURE /s/
ATTORNEY'S SIGNATURE  /s/ Toni W. Terrett
Toni W. Terrett

Debtor's Initials EH    Joint Debtor's Initials ___    CHAPTER 13 PLAN, PAGE 2 OF 2
Chapter 13 Plan Form, Revised 10/24/2005